

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Zachary A. Myers*
*Assistant United States Attorney*
*Zachary.Myers @usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4848*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

April 20, 2015

JUL 1 7 2015

AT BALTIMORE
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Joseph A. Balter
Assistant Federal Public Defender
100 S Charles St Twr II 9th Fl
Baltimore, MD 21201

     Re:    United States v. Albert A. Firlie, Criminal No. JKB-15-00366

Dear Mr. Balter:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on July 11, 2014, it will be deemed withdrawn.

The terms of the agreement are as follows:

### Offense of Conviction

1.    The Defendant agrees to waive Indictment and plead guilty to the proposed Information which charges him with Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a.    The defendant knowingly possessed a visual depiction;

    b.    The depiction was shipped or transported in and affecting interstate or foreign commerce by any means including computer;

    c.    The production of the visual depiction involved using a minor engaged in sexually explicit conduct;

   d.  The depiction is of a minor engaged in sexually explicit conduct; and,

   e.  The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

  3.  Although not an element of the offense, because the Defendant is being sentenced within an enhanced statutory maximum pursuant to Title 18, United States Code, Section 2252(b)(2), the following additional fact is necessary: the Defendant committed the charged offense having been previously convicted under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography.

## Penalties

  4.  The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for not less than ten (10) years and not more than twenty (20) years, followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to Title 18, United States Code, Section 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to Title 18, United States Code, Sections 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to Title 18, United States Code, Section 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term— and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

  5.  The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to Title 18, United States Code, Section 2250.

  6.  The Defendant has been advised, and understands, that pursuant to Title 18, United States Code, Section 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of his term of imprisonment. The Defendant understands that any potential civil commitment would be the subject of a separate civil proceeding. The Defendant further understands that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed. The Defendant understands that civil commitment can be imposed for an indefinite period of time. The Defendant nevertheless affirms that he wants to

plead guilty regardless of any potential civil commitment consequences that the Defendant's plea may entail.

## Waiver of Rights

7.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

        a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

        b.      The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

        c.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        d.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        e.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        f.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        g.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case.

Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

   h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

   i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

   8. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at Title 18, United States Code, Sections 3551-3742 (excepting Title 18, United States Code, Sections 3553(b)(1) and 3742(e)) and Title 28, United States Code, Sections 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

   9. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

   a. **Base Offense Level:** The base offense level is eighteen (18) pursuant to U.S.S.G. §2G2.2(a)(1).

   b. **Minors under Twelve:** Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

   c. **Sadistic or Masochistic Conduct:** Pursuant to U.S.S.G. §2G2.2(b)(4), there is a four (4) level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

   d. **Pattern of Exploitation:** Pursuant to U.S.S.G. §2G2.2(b)(5), there is a five (5) level increase because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

      e.     **Use of a Computer:** Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

      f.     **More than 600 Images:** Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images involved in the offense and its relevant conduct exceeds 600.

10.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office intends to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional 1-level decrease, assuming your client continues to acceptance of personal responsibility for his conduct up to, and through, his sentencing. This Office may oppose any adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

11.     Thus, the final anticipated adjusted offense level is 33.

12.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. The defendant reserves the right to argue for a departure based on overrepresentation of criminal history category, pursuant to U.S.S.G. §4A1.3.

13.     This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines (other than that stated in ¶ 12, supra) will be raised or are in dispute.

### 18 U.S.C. § 3553(a)

14.     The Defendant reserves the right to argue that this Court should sentence the Defendant to a variant sentence outside of the advisory guidelines range determined by the Court. This Office and the Defendant stipulate and agree that if the Defendant intends to argue, pursuant to Title 18, United States Code, Section 3553(a), that the sentence in this case should fall outside of the advisory guidelines range based on any factor, that party will notify opposing counsel at least 14 days in advance of sentencing of the facts or issues the party intends to raise. If the party seeking the non-guideline sentence fails to provide timely notice of the intent to argue for a sentence outside the advisory guidelines range, that party will withdraw the 3553(a) arguments or consent to a continuance of the sentencing date.

## Obligations of the United States Attorney's Office

15.     At the time of sentencing, the United States Attorney's Office will recommend a reasonable sentence, no greater than the advisory U.S.S.G. range calculated by the Court, followed by a lifetime period of supervised release.

16.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## No Contact with Girl 1

17.     While incarcerated and throughout the entire term of his imprisonment, the Defendant will not (a) make any contact with Girl 1, as identified in the attached Statement of Facts, or the immediate family of Girl 1, and (b) take any steps whatsoever to locate Girl 1, or the family of Girl 1.  The Defendant agrees to the entry of a Protective Order regarding any contact with Girl 1 or her immediate family.  The Defendant specifically agrees that this provision shall continue following his release and will be part of any supervised release conditions ordered by the Court at the time of sentencing.  If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.  For example, this Office would be able to charge the Defendant with a violation of 18 U.S.C. § 2252(a)(1) which carries a mandatory minimum of 15 years imprisonment.  The Defendant waives and agrees to waive any right to challenge any prosecution based on the statute of limitations or double jeopardy and knowingly and voluntarily  agrees to toll the limitations period through the end of his incarceration and supervised release.

## Waiver of Appeal

18.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

        a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

        b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

        c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

19.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG §3C1.1, (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

20.    The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulations set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulations, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Forfeiture

21.    The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on February 3, 2015, and further agrees to

take whatever steps are necessary to pass clear title to those properties to the United States, including, but not limited to:

    a.  Western Digital MyBook External Hard Drive, serial number WCAWZ0491222
    b.  HP Notebook computer, serial number CNF024FMV0
    c.  HP External hard drive, serial number WCAWZ1569499
    d.  Sony Digital Handycam video camera, model dcr-trv820, with 5 cassettes
    e.  Sony Vaio video audio integrated PC, serial number 3001594
    f.  HP Media Center computer, serial number MXK3460FTQ
    g.  HP Pavilion a6220n computer, serial number CNH73814YB
    h.  HP Media Center M8433F computer, serial number MXU8100GXQ
    i.  Windows Surface tablet, model 1516 RT32GB, serial number 096214631652
    j.  HP Pavilion A6600F computer, serial number MXX8410L09
    k.  Acer Aspire AX1700 computer, serial number PTSBF0X0199030586F3000
    l.  Western Digital External Hard Drive, serial number WCAVY3195954
    m.  HP Pavilion Elite HPE-250F computer, serial number MXX01703XX
    n.  Acer Aspire X1700 computer, serial number PTSBF0X01985100FCC3000
    o.  Samsung Galazy Note II cell phone, model SCH-1605, IMEI 990002128967807
    p.  Motorola tracphone, IMEI 010911004794281
    q.  7 various USB drives
    r.  Western Digital MyBook essential External Hard Drive 3TB, serial number WCAWZ0502476
    s.  Maxtor External Hard Drive 4Plus, serial number 2HAA4JNG
    t.  Dell Inspiron 3847 computer, serial number GGVLH02
    u.  Miscellaneous CDs and DVDs, of various makes

## Restitution

    22.    For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to Title 18, United States Code, Section 16. Therefore, under Title 18 United States Code, Sections 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Entire Agreement

23.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By:      Zachary A. Myers
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

July 17 2015
Date

Albert A. Firlie

I am Albert A. Firlie's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

7-17-2015
Date

Joseph A. Balter, Esq.

## EXHIBIT A
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that the following facts are true, and if this case had proceeded to trial, the government would have proven them beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The Defendant, Albert A. Firlie, age 66, is a resident of Severn, Maryland.

Between July and September, 1990, while living in a residence with Girl 1, who was then seven years old, Firlie occasionally had care and custody of her while her parents were out of the house. Firlie sexually abused Girl 1 a number of times, including sucking on her breast area, performing oral sex on her, and rubbing his finger against her vagina. Firlie also forced Girl 1 to masturbate him while they were in the bathroom.

On July 8, 1991, in the Circuit Court for Howard County, Maryland, in Cause No. 23123, Firlie, was convicted of Child Abuse, in violation of Maryland Code, Article 27, Section 35A. Firlie was sentenced to three years of imprisonment, all suspended, and five years of probation. On August 12, 1991, Girl 1's mother called Firlie's probation officer to report that Firlie had been seen at Girl 1's school by school employees, and that Firlie had been in Howard County in violation of the terms of his probation. Girl 1's mother was very concerned because she reported that Firlie has once threatened to kidnap Girl 1, and seeing Firlie would cause Girl 1 to become hysterical and would interfere with her therapy. On August 19, 1991, Firlie agreed to amendment of the special conditions of his probation to prohibit (1) any contact with Girl 1 or her family; (2) unsupervised visits with minors; and (3), entering Howard County without the permission of his probation agent.

Beginning no later than October 2003, Firlie used the internet to locate and obtain child pornography. On November 23, 2007, Firlie created a Hotmail account with the username

1

"Albert[Girl 1's first name]." On April 2, 2009, Firlie created a Verizon email account with the username "Albert[Girl 1's first name]." A search of Firlie's computers and email accounts show that he was using internet people search services in an attempt to locate Girl 1 and her mother as recently as late June, 2014.

Between December 12, 2008, and December 26, 2014, Firlie uploaded approximately 120 videos depicting minors engaged in sexually explicit conduct to his account associated with both his Hotmail email address and Verizon email address at Website A, a company that provided users with remote, "cloud," storage for media files.

On September 13, 2014, Firlie attempted to upload approximately 51 videos depicting minors engaged in sexually explicit conduct to his account in associated with his afirlie@gmail.com email address at Website B, a company that provided users with remote, "cloud," storage for media files. Website B detected the use of its cloud services for the storage of child pornography and reported the matter to the National Center for Missing and Exploited Children, who in turn reported the matter to the United States Postal Inspection Service. The files uploaded by Firlie to Website B include the following video files:

**288-2.wmv**: In this video, a nude prepubescent girl is laying on the floor with her legs spread and vagina spread for the camera. The child uses her hand to insert a pen into her vagina for several seconds. A man then masturbates his erect penis and ejaculates onto the child's vagina. The child then performs oral sex on a man's erect penis, until he ejaculates. The child then exposes her vagina to the camera, as she rubs her finger on her vagina. The child then performs oral sex on a man's erect penis until he ejaculates.

**288-3.wmv**: In this video, the same prepubescent girl, who is shirtless, is sitting down and performing oral sex on a man's erect penis. The child stands up, removes her shorts and is

then completely nude. She uses her hand to masturbate the man's erect penis. The child exposes her vagina to the camera and urinates on the man's erect penis. The man ejaculates and the child touches the ejaculate with her hand.

**301-1.avi:** This video, which is over 27 minutes long, depicts an adult woman, dressed in lingerie, sitting next to a prepubescent girl who is naked and wearing stockings. The woman and the child masturbate each other, including the use of sex toys and lubricants. The woman uses her fingers and a sex toy to penetrate the anus of the child, as the child flinches in apparent pain several times. The video later shows the child lying on her back, wearing a set of silver handcuffs, as the hands of a man use lubricant and a sex toy to rub against the child's vagina. The man inserts the sex toy into the anus of the prepubescent child all while rubbing another sex toy against her vagina, all while the child is still handcuffed.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

July 17 2015
Date

Albert A. Firlie

I am Albert A. Firlie's attorney. I have carefully reviewed the statement of facts with him.

Joseph S. Balter, Esquire

3